UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19CR469 HEA (SPM) ) |
| RICARDO RUSAN, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). On September 21, 2022, this matter came before the Court for an evidentiary hearing on motions by *pro se* defendant Ricardo Rusan for dismissal of the indictment. After carefully considering the applicable law, the evidence presented, the parties' written submissions, and the oral arguments of the parties, for the reasons more fully discussed below, I recommend that the motion to dismiss be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Ricardo Rusan is charged in an indictment with two counts of bank robbery in violation of 18 U.S.C. §2113(a). *See* Doc. 2. Rusan was arrested in the District of South Dakota on July 30, 2021, and made his initial appearance in that district before United

States Magistrate Judge Victoria Duffy. *See* Doc. 9. On August 2, 2021, at Rusan's request, Judge Duffy conducted an identity hearing and, after the hearing, entered an order finding that "the government has proved by a preponderance of the evidence that the defendant before the court is Ricardo Rusan, the same defendant named in the arrest warrants out of the Eastern District of Missouri." *See* Doc. 9-2. Rusan was subsequently transported, in custody, to this district.

Upon arrival in the Eastern District of Missouri, Rusan's arraignment was delayed until September 29, 2021. This delay was due, in part, to Rusan's refusal to appear for video hearings that had been authorized because of the COVID-19 pandemic, Rusan's refusal to accept a public defender as his court-appointed attorney, and Rusan's insistence on responding to simple background questions with rambling diatribes laden with sovereign-citizen like claims and theories. *See* Doc. 15, 30 & 31. However, on September 29, 2021, Rusan appeared for an arraignment with his court-appointed CJA attorney, Levell Littleton. Mr. Littleton requested, and was granted, time through January 31, 2022 to file any necessary pretrial motions. *See* Doc. 35, 36, 39 & 40.

Before the expiration of pretrial motion deadlines, Mr. Littleton filed a motion asking that Rusan's competency to proceed to trial be evaluated pursuant to 18 U.S.C. §4241. *See* Doc. 44. That motion was granted, and, upon a separate motion by Mr. Littleton, the Court stayed pretrial motion deadlines. *See* Doc. 47 & 49. This Court

ultimately concluded that Rusan was competent to proceed after receiving a psychiatric evaluation and holding a competency hearing on June 22, 2022. Doc. 62.

After the competency hearing, Rusan indicated that he wished to terminate Mr. Littleton, waive his constitutional right to be represented by an attorney, and to represent himself. After conducting a hearing pursuant to *Faretta v. California*, the Court granted Rusan's request to proceed *pro se* and appointed Mr. Littleton as standby counsel. *See* Doc. 59 & 61. The Court reset the deadline for filing pretrial motions for August 23, 2022.

On August 2, 2022, Rusan filed a "Notice of Motion for Averment of Jurisdiction" which the Court did not initially recognize to be a pretrial motion. *See* Doc. 64. On August 4, 2022, the Court entered a docket text order noting that, upon review, the Court construed Rusan's "Averment of Jurisdiction" as a pretrial motion challenging the jurisdiction of the Court, among other things, and seeking dismissal of the indictment. *See* Doc. 66. In compliance with the schedule established by the Court, the United States filed a response opposing Rusan's motion on September 6, 2022. The Court set the matter for an evidentiary hearing on September 21, 2022. *See* Doc. 69. On September 12, 2022, Rusan filed a Motion for Dismissal, Default Judgment and Declaratory Judgment arguing, among other things, that the indictment should be dismissed because the United States failed to file a timely response to his pretrial motion. *See* Doc. 71.

On September 21, 2022, the parties appeared for the scheduled evidentiary hearing.

3

At the evidentiary hearing, Rusan acknowledged that he had not seen the response filed by the United States at the time he filed his Motion for Default Judgment. Rusan contended he was nevertheless entitled to an order of dismissal for the reasons he previously raised in his motion. Both parties then made oral arguments and Rusan offered three exhibits into evidence in further support of his arguments. *See* Doc. 73 and Deft. Exhs. A, B and C. Following the hearing, Rusan's pretrial motions were taken under submission.

## CONCLUSIONS OF LAW

Rusans's Motion for Dismissal, Default Judgment, and Declaratory Judgment, Doc. 71, should be denied because Rusan filed it based on his mistaken belief that the United States had failed to timely file a response to the Averment—i.e., his initial motion to dismiss. Rusan acknowledged as much at the evidentiary hearing but pressed the other arguments previously raised in his initial filing.

Although it is far from clear, Rusan's remaining arguments appear to be that he is entitled to dismissal of the indictment because (1) he has been improperly identified, Averment, Doc. 64, at 10–11; (2) the Court lacks *in personam* and subject matter jurisdiction, *id.* at 4; (3) his continued prosecution and imprisonment violates the Due Process Clause; and (4) a violation of the Ex Post Facto Clause.

The Court will attempt to address each of these arguments, in turn.

4

A. **IDENTIFICATION**

When a defendant is arrested in a district other than where his charges are pending, Fed. R. Crim. P. 5(c)(3)(D)(ii) requires a magistrate judge to establish the identity of the defendant before ordering him transferred to the district where the indictment issued. In this case, Rusan was arrested in the District of South Dakota, and appeared before U.S. Magistrate Judge Duffy. The judge held a hearing and determined that, based on a preponderance of the evidence, Rusan had been properly identified as the defendant by the United States. *See* Doc. 9-2. Rusan has offered no evidence or argument that would establish a basis for this Court to disturb Judge Duffy's identity determination. Nor has Rusan offered any evidence or argument to suggest there was any deficiency in his identification in these proceedings.

Instead, Rusan appears to argue that his identification is deficient because his "One Free National Name" has not been used in these proceedings, among other things. To the extent that Rusan is arguing for dismissal based on the format of the name under which he has been identified in Court documents or during proceedings, his beliefs regarding the nature of corporate personhood, or other similar belief systems, this Court has consistently rejected such arguments. *See United States v. Hobbs*, 4:12CR14 AGF(MLM), 2012 WL 2458425 (E.D. Mo. May 15, 2012) (collecting cases); *see also United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir. 2012) (rejecting as meritless sovereign citizen-like challenges); *United States*

5

*v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that sovereign citizen-type arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law.").

### B. JURISDICTION

"[A] federal court always has jurisdiction to determine its own jurisdiction." *United States v. Harcevic*, 999 F.3d 1172, 1178 (8th Cir. 2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). Congress has conferred subject matter jurisdiction over federal criminal offenses to the district courts, see 18 U.S.C. § 3231. Furthermore, personal jurisdiction over a federal criminal defendant "depends on whether the defendant has been brought physically before the Court for the litigation of the charge alleged in the indictment." *United States v. Hightower*, 2020 WL 1958455, at *2 (E.D. Mo. Mar. 25, 2020).

Here, it is beyond dispute that Rusan is charged with two counts of the federal criminal offense of bank robbery, in violation of 18 U.S.C. § 2113(a). *See* Redacted Indictment, Doc. No. 2. As such, this Court has subject matter jurisdiction. It is also beyond dispute that Rusan has been brought before the Court for the litigation of the charges alleged in the indictment and, as such, personal jurisdiction is proper. *See United States v. Marks*, 530 F.3d 799, 809 (9th

6

Cir. 2008); *see also United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained.").

Citing to a number of mostly civil cases and language on his Missouri Birth Certificate, Rusan contends that the Court lacks jurisdiction, in part, because he is of "Indigenous Moorish" nationality and, in part, because—at least according to the State of Missouri—he is chattel (a slave). These arguments lack merit and do not support Rusan's argument that the Court lacks subject matter jurisdiction and personal jurisdiction.

### C. DUE PROCESS

Without specifying either the Fifth or Fourteenth Amendment, Rusan contends he is entitled to relief under the Due Process Clause because his continued prosecution constitutes an abridgement of is fundamental personal rights. Averment, Doc. 64, at 15. Rusan's motion fails because although the Due Process Clause of the Fourteenth Amendment sets certain minimal standards of justice that a criminal proceeding must reach in order to pass constitutional muster, Rusan has failed to identify what procedural rights of his, if any, have been violated. A review of the Court's docket does not immediately reveal that

7

Rusan was denied procedural due process at any point in these proceedings to date.

### D. EX POST FACTO CLAUSE

"A statute violates the Ex Post Facto Clause if it applies to events occurring before its enactment and alters the definition of criminal conduct or increases the punishment for a crime." *United States v. Pfeifer*, 371 F.3d 430, 436 (8th Cir. 2004) (*quoting Lynce v. Mathis*, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997)). In this case, Rusan has failed to explain how or why the only statute he has been charged with violating, bank robbery under 18 U.S.C. § 2113, unconstitutionally applies to events occurring before its enactment, or indeed how his case, occurring many years after the enactment of the statute, implicates the Ex Post Facto Clause.

Instead, Rusan appears to argue that the Fourteenth Amendment and/or Missouri law imposed retroactive criminal liability on Black Americans thereby raising an Ex Post Facto violation. These arguments lack merit and while they may be rooted in legitimate social concerns, they are legally unsound and are rejected as frivolous.

8

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court (i) find that it has both personal jurisdiction over Rusan and subject matter jurisdiction over this case; (ii) reject Rusans's arguments to the contrary; and (iii) deny Rusan's "Averment of Jurisdiction" which has been construed as a pretrial motion to dismiss the indictment ("Motion to Dismiss").

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Ricardo Rusan's Motion for Dismissal, Default Judgment and Declaratory Judgment, (Doc. 71), be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendant Ricardo Rusan's Motion to Dismiss the Indictment (Doc. 64) be **DENIED**.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set by separate order by the **Honorable Henry E. Autrey.**

*[signature]*

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: November 10, 2022.