UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　)　Case No. S1-4:19CR469 HEA (SPM)
　　　　　　　　　　　　　　　　)
RICARDO RUSAN,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Ricardo Rusan was initially charged in an indictment with two counts of bank robbery in violation of 18 U.S.C. §2113(a). *See* Doc. 2. Defendant filed motions to dismiss the indictment and for other relief. *See* Docs. 64 & 71. This Court held an evidentiary hearing and ultimately recommended that the motions be denied. *See* Doc. 74. The Report and Recommendation was ultimately adopted by the Honorable Henry E. Autrey. *See* Doc. 76.

On December 7, 2022, a federal grand jury in this district returned a superseding indictment charging Rusan with two counts of bank robbery and a new robbery count involving a Church's Chicken. Doc. 80. Defendant, who is appearing *pro se*, was arraigned on December 20, 2022, and entered a plea of not guilty. He requested, and was granted,

time through January 23, 2023, to reassert previously filed pretrial motions, and/or to file new motions. On January 25, 2023, the defendant filed a Motion for Return of Property and Motion to Dismiss Indictment and Motion to Suppress Evidence. *See* Docs. 91 & 92. On February 16, 2023, the United States filed a response, pursuant to this Court's scheduling orders.  *See* Doc. 96. The United States argued, among other things, that there were no factual issues that would require resolution at an evidentiary hearing. *See id*. After reviewing the written submissions of the parties, and for the reasons set forth below, I agree.

After carefully considering the applicable law and the parties' written submissions, for the reasons more fully discussed below, I recommend that the defendant's pretrial motions be denied.

## I.  MOTION FOR RETURN OF PROPERTY (DOC. 91)

Defendant Rusan asks the Court for an order returning property and "all items seized" during the investigation of this case. *See* Doc. 91. Fed. R. Crim. P.
 Rule 41(g) provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." The Court must "receive evidence on any factual issue necessary to decide the motion." However, the court is not required to hold an evidentiary hearing when there is no factual dispute or "when it is appears that the person seeking a return of the property is not

lawfully entitled to own or possess the property." *U.S. v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020).

In this case, there appears to be no factual dispute for this Court to resolve. In his motion, Rusan asserts he is entitled to the return of "all business, family papers and etc. held at St. Peters Police Department." *See* Doc. 91. The United States readily admits the seizure of Rusan's "personal papers were located in his vehicle after the robbery, along with other items, including clothing worn during the robbery." *See* Doc. 96, at note 1. What is disputed is whether Rusan is entitled to possess the property that was seized.

Rusan's only stated basis for the motion is the "investigation is complete" and therefore, he wants all items seized in this case returned to him. However, there can be no legitimate dispute that this case is still ongoing as Rusan is still in the pretrial phase of the case and the case has neither been tried nor has Rusan entered a change of plea. As such, Rusan is not entitled to have items seized as evidence for trial returned to him at this juncture.

Rusan has not raised a fact issue that requires an evidentiary hearing and has failed to provide any legal support for his motion. As such, the motion for return of property should be denied.

II.     **MOTION TO DISMISS INDICTMENT AND SUPPRESS EVIDENCE (DOC. 92)**

Rusans's Motion is entitled "Motion to Dismiss Indictment Pursuant to Rule 48(b)," which authorizes a court to dismiss an indictment if unnecessary delay occurs in

presenting a charge to a grand jury; filing an information; or bringing a defendant to trial. However, except for the title, Rusan's motion does not mention Rule 48(b) at all. Nor does the motion assert unnecessary delay or seek relief resulting from any alleged delay. Instead, as far as this Court can determine, Rusan's motion appears to re-assert many of the same concepts raised in his pretrial motions regarding the initial indictment.  For example, Rusan's motion asserts deprivation of rights, improper identification, and violation of the Ex Post Facto clause.  *See* Doc. 92, at p. 3-8. Rusan's request for suppression of evidence also appears to be based upon these concepts. Rusan also submitted some of the same information and exhibits he presented at the evidentiary hearing held on his previous pretrial motions. *See, e.g.,* Rusan's birth certificate (Doc. 92-1).

Once again Rusan's motion appears to raise a host of valid social concerns regarding racial discrimination. However, none of these concerns are tied to any cognizable legal theory that would authorize this Court to grant Rusan's motion to dismiss the indictment and/or to suppress evidence. Because the arguments and concepts raised in Rusan's motion to dismiss the indictment and motion to suppress appear to mirror those raised in Rusan's earlier pretrial motions, the Court incorporates and restates the reasoning and conclusions from its earlier-filed Report and Recommendation. *See* Doc. 74.

In sum, Rusan's Motion to Dismiss the Indictment and Motion to Suppress recast the same arguments raised in Rusan's previous pretrial motions. Those arguments are, once again, rejected by this Court as legally frivolous.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Ricardo Rusan's Motion for Return of Property, (Doc. 91), be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendant Ricardo Rusan's Motion to Dismiss the Indictment and Suppress Evidence (Doc. 92) be **DENIED**.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set by separate order by the **Honorable Henry E. Autrey.**

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2023.