UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19CR469 HEA |
| | ) |
| RICARDO RUSAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court the Report and Recommendation of Magistrate Judge Shirley Padmore Mensah, [Doc. No. 98] which addressed Defendant's Motion Return of Property, [Doc. No. 91], and Motion to Dismiss the Indictment and Suppress Evidence, [Doc. No. 92]. In her April 17, 2023 Report and Recommendation, Judge Mensah recommended that Defendant's Motions be denied.

Defendant has filed written objections to the Report and Recommendation, [Doc. No. 99], a Motion for "Review and Resubmitt [*sic*] Petition in Abatement to the Misnomer and Misidentification of the Accused and Move to Quash and/or Dismiss Superseding Indictment Pursuant to the Fifth, Sixth, Seventh, Eleventh,

and Thirteenth Amendments, [Doc. No. 100], and a Motion for Dismissal of Superseding Indictment Pursuant to Statutory and Constitutional Violation Sixth Amendment 18 U.S.C. § 3161(c)(2), § 3161(c)(i), 18 U.S.C. § 3161(h), § 3162(a)(2), Rule 48(b) [Doc. No. 101]. The Government has filed responses to Defendant's Motions. For the reasons set forth below, Judge Mensah's Report and Recommendation is adopted. Defendant's Motions will be denied.

## LEGAL STANDARD

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(A)). Where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law, the Court may reconsider the matter. 28 U.S.C. §636(b)(1)(A). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reviews the findings of the magistrate *de novo.* The Court has reviewed the entire record for this purpose.

## DISCUSSION

**Report and Recommendation**

In her Report and Recommendation, Judge Mensah found that the motion for return of property is without merit because Defendant's case is still pending,

2

and the property seized is necessary as evidence for trial. This finding is factually correct, and Defendant is not entitled to return of any property at this time.

In his Motion to Dismiss and Suppress Evidence, Defendant reasserts many of the same arguments he has previously raised with regard to the original indictment. As Judge Mensah points out in her Report, Defendant has not presented any cognizable legal theory that would authorize the Court to dismiss the indictment or suppress evidence. Defendant continues to argue the Court is without subject matter and personal jurisdiction over Defendant. As Judge Mensah and this Court have previously detailed, the jurisdiction of the Court over the Defendant and the charges against him are well established. See *United States v. Hobbs*, 4:12CR14 AGF(MLM), 2012 WL 2458425 (E.D. Mo. May 15, 2012) (collecting cases); see also *United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir. 2012) (rejecting as meritless sovereign citizen-like challenges); *United States v. Jonassen*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that sovereign citizen-type arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law.")

Congress has conferred subject matter jurisdiction over federal criminal offenses to the district courts, see 18 U.S.C. § 3231. Furthermore, personal jurisdiction over a federal criminal defendant "depends on whether the defendant

3

has been brought physically before the Court for the litigation of the charge alleged in the indictment." *United States v. Hightower*, 2020 WL 1958455, at *2 (E.D. Mo. Mar. 25, 2020). Here, it is beyond dispute that Defendant is charged with two counts of the federal criminal offense of bank robbery, in violation of 18 U.S.C. § 2113(a) and one count of the federal criminal offense of robbery in violation of 18 U.S.C. § 1951(a)   As such, this Court has subject matter jurisdiction. It is also beyond dispute that Defendant has been brought before the Court for the litigation of the charges alleged in the indictment and, as such, personal jurisdiction is proper. See *United States v. Marks*, 530 F.3d 799, 809 (9th Cir. 2008); see also *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained.")

    Defendant argues his due process rights have been violated, but as Judge Mensah previously observed, Defendant failed to identify what procedural rights have been violated.

    Likewise, Defendant's ex post facto argument fails because he fails to explain how or why the violations for which he is charged could possibly violate the Ex Post Facto clause; the events giving rise to the Superseding Indictment occurred well after the enactment of the statutes Defendant is charged with having violated.

Defendant's objections to the Report and Recommendation are virtually identical to his memoranda in support of his motions. He does not specifically object to Judge Mensah's findings of fact and conclusions of law. Judge Mensah thoroughly discusses the facts and law in her Reports and Recommendations with respect to the original indictment and the superseding indictment. Defendant does not challenge these findings, rather, he reargues his motion. Judge Mensah addressed the issues and arguments Defendant raised in his motions. Her conclusions of law are based on sound analysis of the law as applied to the facts of this case.

**Motion for Dismissal of Superseding Indictment Pursuant to Statutory and Constitutional Violation Sixth Amendment 18 U.S.C. § 3161(c)(2), § 3161(c)(i), 18 U.S.C. § 3161(h), § 3162(a)(2), Rule 48(b)**.

Defendant seeks dismissal of the Superseding Indictment based on alleged violations of the Speedy Trial Act.

Title 18 U.S.C. § 3161 provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). As the Government correctly argues, there are numerous periods of delay that are excluded from the computation of the 70-day time period. The Government has specifically detailed all of the continuances and excludable

5

time in the Speedy Trial calculation. Defendant fails to set forth any error in the calculations and fails to articulate why the excludable time does not fall within the bounds of exclusion. While Defendant often argues the Court follows the Government position, the Court does so based on the correct interpretation of the law. Neither the Sixth Amendment nor the Speedy Trial Act have been violated in this matter.

## Conclusion

Judge Mensah's conclusions are based on sound legal analysis. The Court agrees with Judge Mensah's conclusions in their entirety. The Recommendation is adopted *in toto*.

Defendant's Motion to Dismiss the Superseding Indictment for violation of the Sixth Amendment and the Speedy Trial Act are without merit and are therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion Return of Property, [Doc. No. 91], is **DENIED**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment and Suppress Evidence, [Doc. No. 92], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration, [Doc. No. 99], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for "Review and Resubmitt [*sic*] Petition in Abatement to the Misnomer and Misidentification of the Accused and Move to Quash and/or Dismiss Superseding Indictment Pursuant to the Fifth, Sixth, Seventh, Eleventh, and Thirteenth Amendments, [Doc. No. 100], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Dismissal of Superseding Indictment Pursuant to Statutory and Constitutional Violation Sixth Amendment 18 U.S.C. § 3161(c)(2), § 3161(c)(i), 18 U.S.C. § 3161(h), § 3162(a)(2), Rule 48(b) [Doc. No. 101], is **DENIED**.

Dated this 2nd day of June, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE