UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CR-00469 HEA |
| | ) |
| RICARDO RUSAN, | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

The parties hereby agree as follows:

**1. PARTIES:**

The parties are the defendant Ricardo Rusan and the United States of America (hereinafter "United States" or "Government:"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

**A.   The Plea:**   Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts One, Two, and Three of the Superseding Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B.   The Sentence:**   The parties agree that the recommendations contained herein

fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that either party may otherwise request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.     ELEMENTS:**

As to Counts One and Two, Defendant admits to knowingly violating Title 18, United States Code, Section 2113, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant took money from the presence of another, while that money was in the care or custody of a bank;

(ii) The taking was by force and violence or intimidation; and,

(iii) The deposits of the bank were then insured by FDIC.

As to Count Three, Defendant admits to Defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant obtained property, from a commercial establishment engaged in interstate or foreign commerce;

  (ii)  Defendant did so in the presence of another and against their will, through the wrongful use of actual or threatened force, violence, or fear of injury; and,

  (iii)  As a result of Defendant's actions, interstate commerce was obstructed, delayed, or affected.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On January 1, 2019, Defendant Ricardo Rusan robbed the Church's Chicken (a commercial establishment engaged in interstate or foreign commerce) at 5720 S. Lindbergh, within the Eastern District of Missouri, displaying what appeared to be a handgun while doing so. Defendant demanded and took money from the commercial establishment, from the presence of B.E. and against her will, through actual or threatened force, violence, or fear of injury. As a result of Defendant's actions, interstate commerce was obstructed, delayed, or affected.

On April 16, 2019, Defendant robbed the Commerce Bank (which was then insured by FDIC) at 6383 Clayton Road within the Eastern District of Missouri, displaying what appeared to be a handgun while doing so. Defendant demanded and took money from the brank from the presence of teller L.H.; the taking was by force and violence or intimidation.

On April 18, 2019, Defendant robbed the Bank of America (which was then insured by FDIC) at 4189 Veterans Memorial Parkway within the Eastern District of Missouri, displaying what appeared to be a handgun while doing so. Defendant demanded and took

money from the bank from the presence of teller T.C.; the taking was by force and violence or intimidation. A GPS tracking device was contained in some of that money. Following the location of the GPS tracking device, investigators subsequently located Defendant's vehicle with what appeared to be a gun inside it (but was not actually a firearm), as well as clothing and a glove consistent with a glove worn during the robbery.

Following the April 2019 bank robberies, Investigators specifically seized blue gloves and a blue mask (consistent with those worn by the robber during the two bank robberies) from Defendant's vehicle. A DNA swab from the mask was run through the CODIS investigative database and resulted in a match to Defendant. During the Church's Chicken robbery described above, the robber dropped a glove. It was swabbed for DNA and run through the CODIS investigative database; a match also came back to Defendant.

### 5. STATUTORY PENALTIES:

With respect to all three counts of the indictment, Defendant fully understands that the maximum possible penalty provided by law for the crimes to which Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years.

### 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.  **Chapter 2 Offense Conduct and Chapter 3 Enhancements for All Counts:**

Count One: April 16, 2019, [handwritten: Commerce Bank ow 2E IFST]

(i) **Base Offense Level:** The parties agree that the base offense level for Count One is 20, as found in Section 2B3.1(a).

(ii) **Special Offense Characteristics:** The parties agree that the following Special Offense Characteristics apply to Count One: 2 levels should be added because the offense involved the property of a financial institution.

Count Two: April 18, 2019, Bank of America Robbery

(i) **Base Offense Level:** The parties agree that the base offense level for Count One is 20, as found in Section 2B3.1(a).

(ii) **Special Offense Characteristics:** The parties agree that the following Special Offense Characteristics apply to Count Two: 2 levels should be added because the offense involved the property of a financial institution.

Count Three: January 1, 2019 Church's Chicken Robbery

(i) **Base Offense Level:** The parties agree that the base offense level is 20, as found in Section 2B3.1.

(ii) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none.

B.  **Chapter 3 Adjustments for All Three Counts:**

(i) **Grouping of Multiple Counts:** Pursuant to 3D1.2(d) and Application Note 6, the parties agree that the three counts do not group. The parties agree that the Combined Offense Level should be determined as follows: Counts One and Two have an individual

offense level of 22 while Count Three has an individual offense level of 20. As such, there are 3 units and, therefore, the offense level is increased by 3 levels.

(ii) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(iii) **Estimated Total Offense Level:** The parties estimate that the Total Offense Level for Counts One and Three is 22 unless Defendant is a Career Offender. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Both parties reserve the right to argue that Defendant is or is not a Career Offender.

C. **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially

available in the Pretrial Services Report.

D. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A. **Appeal:** The Defendant has been fully apprised of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   i. **Non-Sentencing Issues:** The parties specifically agree that Defendant's plea is entered pursuant to Rule 11(a)(2) thus reserving the appellate rights of Defendant in regard to the Magistrate Court's Report and Recommendation filed on April 17, 2023 (Docket Number 98), and the District Court's ruling filed on June 2, 2023 (Docket Number 117), with respect to Defendant's argument that this Court lacks subject-matter and personal jurisdiction over him and his argument based on the ex post facto clause. This agreement only reserves Defendant's rights to appeal the Magistrate Court and the District Court's adverse determination of these arguments, as set out in Defendant's pretrial motions at Docket Numbers 92, 99, and 100. The parties waive all other rights to appeal all other non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   ii. **Sentencing Issues:** In the event the Court accepts the plea and, after

determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a sentence within or above the Sentencing Guidelines range.

      B.    **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      C.    **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8.    **OTHER:**

      A.    **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

      B.    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the

United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

  **C.** **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.  These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The Defendant understands that parole has been abolished.

  **D.** **Mandatory Special Assessment:**  This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the Defendant agrees to pay at the time of sentencing.  Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **E.** **Possibility of Detention:**  The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **F.** **Fines and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration, and costs of supervision.  The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **G.** **Forfeiture:**  The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation and any

property, constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violations, and any firearm or ammunition involved in or intended to be used in such violations.

The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. With full knowledge of those rights, the Defendant has chosen to represent himself in this matter and understands the consequences of the waiver of his right to be represented by counsel. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence. consequences of the waiver of his right to be represented by counsel.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates

any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

8-22-2023
Date

CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

8-22-2023
Date

RICARDO RUSAN
Defendant